ALEXANDER BROWN et al.

*v.*

ELLA MURRAY et al.

[Decided October 2d, 1922.]

1. Where deeds are executed for an express consideration, *habendum* to the use of the grantee, there is no resulting trust.

2. The establishment of a constructive trust must be evidenced by something stronger than the mere breach of an oral promise to convey or to hold in trust.

3. An oral trust must be established by clear evidence.

On bill, &c.

*Messrs. Hopkins & Herr,* for the complainants.

*Messrs. Fallon & Fallon, McDermott, Enright & Carpenter,* for the defendants.

CHURCH, V. C.

This is a suit in partition. The intestate, Elizabeth M. Brown, died November 22d, 1919, leaving as her heirs-at-law the complainant Alexander Brown, a son; the complainant Donald Brown, a grandson, and the defendants William P. C. Brown, a son, and Ella Murray, a daughter.

She was seized at her death of two parcels of real estate; the first, a lot and two-story brick building at 138 Hancock avenue, Jersey City; the second, a tract comprising two vacant lots of land at West New York.

The defendants' version of the acquisition of said property is to the effect that the property in Jersey City was purchased by William P. C. Brown from the Second United Presbyterian Church of Jersey City, about July 8th, 1907, and that thereafter a house was erected upon said premises, and after the house was erected in pursuance of a conversation and agreement with his sister, he conveyed the premises to his mother, and that his mother verbally agreed that in case she disposed of the property in any way she would give William "his share for the lot." The testimony of Ella Murray is substantially to the same effect.

That the West New York lots were purchased from the West New York Improvement Company about March 15th, 1911. Title was taken in the name of William P. C. Brown, and on or about May 10th, 1917, he conveyed them to his mother, and his mother verbally agreed at the time of the conveyance that she would reconvey them to him at any time at his request.

There does not seem to be any testimony of any kind in the case that there was any agreement or understanding with the mother, Elizabeth M. Brown, that she was to hold the premises in trust for Ella.

Both the deed for the Jersey City property and the deed for the West Hoboken property recite a money consideration, and the *habendum* is to the use of the mother, Elizabeth M. Brown.

The amended answer and the counter-claim of the defendant pray for the reformation of the deeds in question so that they express a trust in favor of the defendants Ella Murray and William P. C. Brown, and that it may be decreed that William P. C. Brown and Ella Murray are sole owners of the Jersey City property, and William P. C. Brown is the owner of the West New York property.

I am of the opinion that no trust can be established in favor of the defendants. Deeds were executed from the son to the mother for an expressed consideration, *habendum* to her use. Under the cases, therefore, the property became hers absolutely. *Down* v. *Down, 80 N. J. Eq. 68; Andreas* v. *Andreas, 84 N. J. Eq. 375; Sayre* v. *Lemberger, 92 N. J. Eq. 656.* I do not see how a resulting trust can be established, and the allegations of fraud are not sufficient to establish a constructive trust. The establishment of a constructive trust must be evidenced by something stronger than a mere breach of an oral promise to convey or to hold in trust.

An oral trust must be established by clear and positive evidence, which in this case appears to me to be lacking.

I shall therefore advise a decree dismissing the amended answer and counter-claim and directing that the suit in partition proceed.